## GEORGE CRIPPEN v. THE STATE.

### No. 2655. Decided April 13, 1904.

**1.—Evidence—Gaming—House Sign.**

It was competent for the State to show that appellant's name was on the building over which there was conducted a gambling house, to show that the building was under his control.

**2.—Same—Ownership by Reputation.**

It was not competent to show that the house in which there was conducted gaming was reputed to belong to defendant.

Appeal from the County Court of McLennan. Tried below before Hon. G. B. Gerald.

Appeal from a conviction for permitting gaming in a house under defendant's control; penalty, a fine of $50.

The State showed that cards had been played in a gambling house over the saloon on the front door of which appeared the name of Field & Crippen, and that it was generally understood that the defendant George Crippen was the owner of the business, but witnesses did not know; but that it was known by reputation as being Crippen's saloon. Beer was sold to Field & Crippen and checks signed by them in pay-

ment thereof. Liquor dealer's bond was also signed by them. and defendant admitted that he had plead guilty to gaming in two cases.

*J. T. Sluder,* for appellant.—There is no testimony in this record connecting this defendant with the commission of the offense charged, except the testimony of the two witnesses, Weil and Gassenheimer, and which testimony was improperly admitted and should have been excluded, because ownership and possession of any property can not be proven by general reputation, as was done in this case, by said witnesses over the objections of the defendant and to which bills of exceptions were reserved. There are no rules of evidence making such testimony competent in any kind of a case, and it should have been excluded. Cronnin v. State, 30 Texas Crim. App., 278; Borgers v. State, 31 Texas Crim. Rep., 517.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of permitting gaming in a house under his control, etc., and his punishment assessed at a fine of $50; hence this appeal.

Appellant by his first bill of exceptions questions the action of the court permitting the State to prove that appellant's name was on the building over which there was being run a gambling house. We think this was competent as proof tending to show that the building was under his control. This is in accord with the ordinary way of doing business; that is, the firm doing business ordinarily has a sign, showing the name of the firm and the character of business, affixed to the house in which the business is conducted, and such sign could hardly be attached to the building without the knowledge and approval of the person. If such sign should have been placed there without the knowledge and consent of appellant, or same remained there after he ceased to do business at the particular place, this fact would be peculiarly within his knowledge, and could be shown by him.

We do not believe it was competent, as was done in this case, to show by witnesses that the house and business were reputed to belong to defendant. Ownership can not be proved in this way. Cronin v. State, 30 Texas Crim. App., 278. This case is not exactly in point, but the same principle announced there applies here.

Appellant complains that the evidence is not sufficient. We do not agree to this contention. However, the ownership of the building or its control by appellant was a material fact in the case, and the issue as to this matter was sharply drawn; and because the court admitted testimony of reputation to show ownership, the judgment is reversed and the cause remanded.

*Reversed and remanded.*