[No. 1352. February 4, 1911.]

MRS. MARY BELL PERKINS, Appellant, v. CITY OF ROSWELL, Appellee.

·SYLLABUS (BY THE COURT).

1. In the trial of a cause with a jury for the alleged violation of a city ordinance which made it unlawful for any "person, firm or corporation, to erect, keep, maintain or operate any private hospital, sanatorium or health resort institution" within the limits of the city, evidence was introduced by the plaintiff, against objection, to the effect that, it was "common knowledge in the neighborhood" that the defendant was running the place in question. Held,. that the evidence was inadmissible and necessarily prejudicial to the defendant.

2. The repeal of a city ordinance without any saving clause abates all prosecutions under it which may be pending.

Appeal from the District Court for Chaves County, before MERRITT C. MECHEM, Associate Justice. Reversed and remanded.

U. S. BATEMAN for Appellant.

C. L. 1897, sec. 2517, is not applicable.

City had right to regulate hospitals of the kind in question but has no authority to abolish the same. C. L. 1897, sec 2402, sub-secs. 45, 48.

Cities have a right to declare what shall be nuisances and to abate the same but C. L. 1897, sec. 2402, sub-sec. 45, does not authorize cities conclusively to declare a thing a nuisance that is not a nuisance by the common law or by statute, or is not a nuisance in fact. Hennessy v. City of St. Paul, 37 Fed. 566; Grossman v. City of Oakland, 41 Pac. 6; Denver v. Mullen, 3 Pac. 699; Harmison v. Lewiston, 38 N. E. 629; North Chicago City Rt. Co. v. Town of Lake View, 105 Ill. 207; Des Plaines

v. Poyer, 14 N. E. 678; Yates v. Milwaukee, 10 Wall. 497; Evansville v. Miller, 45 N. E. 1056; Quintini v. Bay St. Louis, 1 So. 627; 21 A. & E. Enc., 2 ed., 740.

Courts will review the question as to the reasonableness of ordinances passed under a grant of power general in its nature, and if any ordinance is found unreasonable will declare it to be void as a matter of law.    2 Abbott Mun. Corp., secs. 537, 545; Clark v. Chicago, 82 N. E. 370; McQuillin Mun. Ord., sec. 183; State v. Trenton, 20 Atl. 1077; 28 Cyc. 370; North Jersey St. Ry. Co. v. Jersey City, 67 Atl. 1073; Hume v. Laurel Hill Cemetery, 142 Fed. 563; Tony v. Macon, 46 S. E. 82. Ga.; Chicago v. Brown, 69 N. E. 66, Ill.; Robinson v. People, 42 Ill. 375; Champer v. Greencastle, 46 Am. St. Rep. 399, Ind.; Pittsburg C. C. & St. L. Co. v. Crown Point, 45 N. E. 587, Ind.; Anderson v. Wellington, 10 Am. St. Rep. 178, Kans.; People v. Armstrong, 16 Am. St. Rep. 581, Mich.; Tarkio v. Cook, 41 Am. St. Rep. 681, Mo.; State v. Birch, 85 S. W. 365, Mo.; Exparte Vance, 62 S. W. 569, Texas; Schillreff v. Schillreff, 97 Pac. 456, Wash.; Chicago & A. Ry. v. Carlinsville, 65 N. E. 732.

Ordinance was unconstitutional and the trial court erred in holding that appellant could not plead and prove its unconstitutionality.    Helena v. Dyer, 42 S. W. 1072, Ark.; Corrigan v. Guage, 68 Mo. 541; Yick Wo v. Hopkins, 118 U. S. 356; Henderson v. New York, 92 U. S. 259; Chylung v. Freeman, 92 U. S. 275; ex parte Va., 100 U. S. 339; Neal v. Delaware, 103 U. S. 370; 28 Cyc. 390; Carpenter v. Yeadon, 151 Fed. 882; McQuillin Mun. Ord. 27, 55, 310; Jersey St. Ry. Co. v. Jersey City, 67 Atl. 1073; Dobbins v. Los Angeles, 195 U. S. 223; Yick Wo v. Hopkins, 118 U. S. 356.

Court erred in holding that the innocence or guilt cf defendant might be shown by the preponderance of evidence.    28 Cyc. 281; Peterson v. State, 112 N. W. 306.

Court erred in holding that common report or hearsay evidence, as to who was running the business conducted on the premises in question, could be received.    Stevens v. San Francisco & N. P. R. Co., 35 Pac. 169; Wolfson

v. Allen Bros. Co., 94 Pac. 912; Hinds v. Keith, 57 Fed. 14; Bernard v. Beecher, 18 Pac. 599; Stewart v. Mc-Murray, 3 So. 49; Shutte v. Thompson, 15 Wall., 82 U. S. 21, L. ed. 127; Abel v. State, 8 So. 760; Williamson v. State, 40 S. W. 286; Steed v. State, 67 S. W. 330; People v. John Mauch, 24 Howard Prac. 276; Henson v. State, 62 Md. 231; Allen v. State, 15 Tex. App. 220; McRae v. Cassan, 15 N. M. 496.

The unquestionable repeal of the ordinance in question nullifies this prosecution. McQuillin Mun. Ord., par. 206; 28 Cyc. 384, foot note 63; Abb. Mun. Corp., vol. 2, par. 551; Barton v. Gadsden, 79 Ala. 495; Kansas City v. Clark, 68 Mo. 588; City of Monnett v. Hall, 106 S. W. 581; Anderson v. Byrnes, 54 Pac. 821; Spears v. Modoc County, 35 Pac. 869; Napa State Hospital v. Flaherty, 66 Pac. 322; Ball v. Tallman, 67 Pac. 339; Sonora v. Curtain, 70 Pac. 674; Santa Monica v. Gidinger, 70 Pac. 432; Flannigan v. Sierra County, 122 Fed. 27.

H. M. Dow and K. K. Scott for Appellee.

In cases involving the violation of a municipal ordinance, written pleadings are not required. C. L. 1897, secs. 2405-3255; Crolot v. Maloy, 2 N. M. 198.

The law relating to demurrers to answers is the same as that which relates to demurrers to complaints or petitions. C. L. 1897, sec. 2685, sub-secs. 34-38, 43, 45.

When appellant proceeded to trial under the general issue she thereby abandoned and waived her exceptions to the action of the trial court in sustaining a demurrer to her "second defense by way of new matter." Overland Dispatch Co. v. Hugo Wedeles, et al, 1 N. M. 528; Bremen Min. Co. v. Mrs. D. A. Bremen, et al, 13 N. M. 111; Cleland v. Hostetter, 13 N. M. 43; C. L. 1897, sec. 2685, sub-sec. 34.

All that is required of a complaint is that degree of particularity which the defendant in a suit is called upon to answer, and not that particularity which is technically necessary to constitute a good indictment. Wood v. Town of Princeville, 23 Pac. 880, Or.; Mexico

v. Harris, 92 S. W. 505, Mo.; State v. Finnegan, 23 So. 621, La.; Kingman v. Berry, 20 Pac. 527, Kan.; West v. Columbus, 20 Kans. 633.

Question of nuisance not involved. C. L. 1897, sec. 2402, sub-sec. 48; Laws 1903, ch. 103, sec. 28; Milne v. Davidson, 16 Am. Dec. 189, La.; Commonwealth v. Charity Hospital, 47 Atl. 980, Pa.

Reasonableness of ordinance a question of law for court. 21 Am. & Eng. Enc. L., 2 ed. 988; Dillon Mun. Corp., 4 ed., vol. 1, secs. 327, 328; McQuillin Mun. Ord., sec. 185; 28 Cyc. 390; Lake View v. Tote, 6 L. R. A. 269.

Motives behind enactment of ordinances not subject to judicial inquiry. Dillon Mun. Corp., 4 ed., sec. 311; 28 Cyc. 375; Bennett v. Mayor, etc., 47 L. R. A. 278, Tenn.; Cooley Const. Lim. 186, 187; McQuillin Mun. Ord., sec. 161.

Preponderance of evidence sufficient to convict. Dillon Mun. Corp., 4 ed., sec. 411; McQuillin Mun. Ord., sec. 304; Peterson v. State, 112 N. W. 306; C. L. 1897, secs. 2405-2407.

Hearsay evidence. 1 Greenleaf on Ev., sec. 128.

Objections to exclusion of evidence not reviewable, Vurpillat v. Zehner, 28 N. E. 556; Judy v. Citizen, 101 Ind. 18; Higham v. Vanasdol, 101 Ind. 160; 2 Cyc. 697; Kern v. Bridwell, 12 Am. St. Rep. 409; Palatine Ins. Co. v. Santa Fe Merc. Co., 13 N. M. 241; Wittenberg et al v. Mollyneaux, Neb., 82 N. W. 842; Ladd v. Missouri Coal & Mining Co., 66 Fed. 880; Maxwell Land Grant Co. v. Dawson, 7 N. M. 133; Kelly v. Highfield, 14 Pac. 744, Or.; Cuthrell v. Cuthrell, 101 Ind. 375; Sohn v. Jarvis, 101 Ind. 578; Terre Haute v. Hudnut, 13 N. E. 686.

## STATEMENT OF THE CASE.

On February 2, 1909, the city council of Roswell enacted an ordinance, which was approved by the Mayor February 3, 1909, and was to be in force by its terms, five days after its publication. It declared it to be unlawful to "erect, keep, maintain or operate any private hospital, sanatorium or health resort institution within the limits of the City of Roswell, whether same be used

for boarding, lodging and treatment of patients, or for boarding or lodging alone, and, for the purpose of this ordinance, a place shall be deemed to be a private sanatorium that is used or kept for the reception or use, of the guests afflicted with" certain enumerated diseases. It was made the duty of the sanitary policeman to give notice in writing to the owner, agent or keeper of such a place, to discontinue such use, and, if the notice was not complied with within five days, to enter complaint before the proper court, and cause prosecution for the violation of the ordinance, which, it was provided, should be punished by a fine of not less than twenty-five dollars ($25) nor more than fifty dollars ($50). On February 13, 1909, notice was served on the defendant, here the appellant, as required by the ordinance, and, on February 19, 1909, a complaint was filed with a justice of the peace, charging the defendant with violation of the ordinance by keeping, maintaining and operating a private hospital, etc., after notice, and contrary to the ordinance. It appeared that the defendant was the record owner of a dwelling house and the land on which it stood in the City of Roswell, where she resided with her husband. She claimed, and offered evidence tending to show, including the testimony of her husband, that he paid for the house and land named; that he had erected on the land some small, cheap houses, which he rented, and that he had the rent, and she had no control of the rented houses; that she had formerly, but not after notice under the ordinance was served on her, furnished meals to tenants of the rented houses. The premises described were those of which the complaint was made on which the prosecution was based. The defendant was found guilty and sentenced to pay a fine of twenty-five dollars and costs, from which judgment she appealed to the district court, where, after some interlocutory proceedings, a trial of the case with a jury was had. The defendant was found guilty, a motion for a new trial was overruled, and judgment against the defendant was rendered, from which she appealed to this court. After the appeal had been taken and the term of court at which the trial occurred had been adjourned, the defendant filed a

motion to vacate the judgment on the ground that the ordinance had been repealed, which motion was "denied without prejudice," on the ground stated in the opinion filed by the judge of the district, that the alleged repealing ordinance had not gone into effect, and that the court lacked power to vacate, on motion, a judgment entered at a term which had been finally adjourned, "especially when, as here, the cause is in an appellate court on appeal."

### OPINION OF THE COURT.

ABBOTT, J.—Of the various errors which the appellant assigns, a considerable proportion must be disregarded as not properly before us, and others need not be separately treated of, since they present questions of common occurrence on which the law is too well settled to require discussion, especially in view of the conclusion we have reached, that there was error prejudicial to the defendant in the admission of certain evidence by the trial court, namely, the attorney for the plaintiff put to a witness for the plaintiff the question: "State whether it is common knowledge that Mrs. Perkins runs a sanatorium?" To which the witness answered: "It is." The question was then put: "If you have stated that it is common knowledge as to who runs that sanatorium, please state who does run it?" To which the witness answered: "Mrs. Perkins runs it." To each of these questions the attorney for the defendant objected, in substance, on the ground that it was calling on the witness to give her opinion, and hearsay evidence, and he duly took exception to the action of the court in overruling the objections.

That proof of facts by evidence of reputation is admissible only on matters of public and general interest, is declared in 1 Greenleaf on Evidence, sec. 137; Wigmore on Evidence, sec. 1586; Jones on Evidence (2 ed.), secs. 301, 302. The cases cited in N. 26 to sec. 302, are especially informing: "Ownership or possession of property, or a modus concerning it, cannot be shown by reputation." 16 Cyc. 1212: "Title cannot be proved by neighborhood talk. Of course, what one does while in the possession of land is

admissible in testimony as to the character of the possession." Hiers v. Risher, 54 S. C. 405, 411; Crippen v. State, Ct. Crim. Appeals, Tex. 80 S. W. 372; "In prosecutions for permitting gaming in a house, ownership cannot be proved by reputation." See, also, Green et al v. Chelsea, 24 Pick. (Mass.) 71; Wendell v. Abbott, 45 N. H. 349. The evidence in question was admitted to prove that the defendant was maintaining a private hospital or sanatorium as a health resort institution; in effect, that she was the owner of the business, which she denied. The evidence must have been prejudicial to her defense, and should have been excluded. The appellant's assignment of error, based on the overruling of the motion to abate the judgment on the ground that the ordinance in question had been repealed, is not well founded for the reasons stated in the opinion of the district judge, which we have quoted in the statement of the case, and the fact, if it is one, that the ordinance has been repealed, has not been brought to our attention by the defendant in a way to warrant our giving any effect to it in the disposition of the case. The judgment of the district court is reversed and the cause remanded.

W. H. Pope, C. J., having ruled in the motion to quash the complaint herein, did not participate, nor did Mechem, A. J., who tried the cause.