603 P.2d 720

**Ira ROBINSON, District Attorney, Second Judicial District, et al., Petitioners-Appellees,**

v.

**William A. SHORT, Magistrate Judge, Division V, Respondent-Appellee,**

and

**Irene Lujan, Intervenor-Appellant.**

**No. 12411.**

Supreme Court of New Mexico.

Dec. 7, 1979.

John L. Walker, Albuquerque, for intervenor-appellant.

Jeff Bingaman, Atty. Gen., Ralph W. Muxlow, II, Asst. Atty. Gen., Santa Fe, C. Reischman, Asst. Atty. Gen., Albuquerque, for petitioners-appellees.

## OPINION

SOSA, Chief Justice.

The issue we decide in this appeal is whether the crime of falsely obtaining unemployment benefits, contrary to Section 51–1–38, N.M.S.A.1978, has an applicable statute of limitations of one year or three years. We find it to be one year.

Intervenor-appellant Lujan was charged with forty counts of falsely obtaining unemploy.aent benefits. All counts were filed in magistrate court more than one year, and less than three years after the offenses were allegedly committed. The magistrate judge indicated that prosecution of the cause was barred by a one-year statute of limitations. The district attorney, Robinson, appellee herein, sought a writ of prohibition forbidding the magistrate judge from dismissing the case. The district court issued the writ, and ruled that the applicable statute of limitations is three years. Ms. Lujan was an intervenor in the petition for the writ, and now appeals.

The arguments of the parties center around the meaning of Section 30–1–8, N.M.S.A.1978 (current version at Section 30–1–8, N.M.S.A.1978, Cum.Supp.1979). It provides in pertinent part:

> No person shall hereafter be prosecuted, tried or punished in any court of this state, unless the indictment shall be found or information or complaint filed therefor within the time hereinafter provided:
>
> \*   \*   \*   \*   \*   \*
>
> F. for a petty misdemeanor, within two years from the time the crime was committed;
>
> G. for any crime against or violation of the revenue laws of this state, within three years from the time the crime was committed; and
>
> H. for any crime not contained in the Criminal Code, *or where a limitation is not otherwise provided for*, within three years from the time the crime was committed. (Emphasis added.)

It is uncontroverted that the crimes with which Ms. Lujan is charged are not contained in the Criminal Code. What we concern ourselves with is whether a limitation is "otherwise provided for."

Ms. Lujan argues that a limitation is otherwise provided for by sub-section F above. The crimes with which she is charged carry an authorized penalty of imprisonment for not longer than thirty days, or a fine of not over one hundred dollars or both. § 51–1–38. The statute does not delineate the degree of the crime, but Section 30–1–6(C), N.M.S.A.1978 states that "[a] crime is a petty misdemeanor if it is so designated by law or if upon conviction thereof a sentence of imprisonment for six months or less is authorized." She argues therefore, that the crimes with which she is charged are petty misdemeanors which carry a one-year statute of limitations under Section 30–1–8(F). We agree with this interpretation.

In *State v. Herrera*, 86 N.M. 224, 522 P.2d 79 (1974), we read various criminal statutes in *pari materia* in order to give effect to the legislative intent in a consistent and reasonable manner. We do the same in this case. Section 30–1–6, which specifies the degree of a crime according to its authorized penalty, would be purposeless unless read togeth-

er with other criminal statutes. When Section 30–1–6(C) is read together with Section 51–1–38, it is clear that the crimes Ms. Lujan is charged with are petty misdemeanors. The statute of limitations for a petty misdemeanor is one year. § 30–1–8(F).

The appellees in this case argue that a limitation is not "otherwise provided for" because the statute under which Ms. Lujan was charged does not expressly state the degree of the crime. § 51–1–38. It is their contention that unless the penal statute expressly specifies the degree of the crime, then subsections (A) through (G) of Section 30–1–8 do not apply to limit the time within which a criminal action may be commenced.

To interpret the statutes in the manner suggested by the appellees would result in an inconsistency we do not believe the Legislature intended. Crimes with an authorized maximum penalty of less than six months which do not expressly state the degree of the crime would have the same length of limitation as a third or fourth degree felony. § 30–1–8.

Appellees additionally contend that the Unemployment Compensation Law is a "revenue law." Section 30–1–8(G) provides for a three-year statute of limitations for any crime in violation of a revenue law. We disagree with the appellees' contention. The Unemployment Compensation Law requires that employers contribute to a "special fund, separate and apart from all public money, or funds of this state * * *." § 51–1–19, N.M.S.A.1978. Thus, the contributions required to be paid under the provisions of the law are not "revenues" to the state, and are not within the meaning of Section 30–1–8(G). *Cf. Howell v. Division of Employment Security Etc.*, 358 Mo. 459, 215 S.W.2d 467 (1948) (Unemployment Compensation Law not a revenue law for purpose of conferring jurisdiction on Supreme Court). We therefore hold that the statute of limitations applicable to an action brought under Section 51–1–38(A) is one year.

IT IS SO ORDERED. .

PAYNE and FELTER, JJ., concur.