IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2011-NMCA-069

Filing Date: May 10, 2011

Docket No. 30,482

STATE OF NEW MEXICO,

 Plaintiff-Appellant,

v.

JAVIER TREVIZO,

 Defendant-Appellee.

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Albert S. "Pat" Murdoch, District Judge

Gary K. King, Attorney General
Andrew S. Montgomery, Assistant Attorney General
Santa Fe, NM

for Appellant

Chief Public Defender
Lisa Bozone, Assistant Appellate Defender
Albuquerque, NM

for Appellee

OPINION

WECHSLER, Judge.

{1} We consider in this appeal whether driving under the influence (DWI) (first offense), in violation of NMSA 1978, Section 66-8-102(E) (2005) (amended 2010), and reckless driving, in violation of NMSA 1978, Section 66-8-113 (1987), have an applicable statute of limitations of one, two, or three years. We conclude that the applicable statute of limitations for both crimes is one year. We therefore affirm the district court order remanding to the metropolitan court for dismissal of the charges against Defendant with prejudice.

1

**BACKGROUND**

**{2}**    Defendant Javier Trevizo was arrested and charged with DWI (first offense), reckless driving, and other violations of the Motor Vehicle Code, NMSA 1978, Sections 66-1-1 to -8-141 (1978, as amended through 2010), that are not relevant to this appeal.  Defendant's arrest occurred on October 13, 2005.  A criminal complaint was filed against Defendant in metropolitan court on April 12, 2007.  The time between Defendant's arrest and the filing of the criminal complaint was one day short of eighteen months.

**{3}**    Defendant moved to dismiss, arguing that the charges were barred because the complaint was filed outside the applicable limitations period.  The metropolitan court denied Defendant's motion, concluding that a two-year statute of limitations applied and, therefore, the charges against Defendant were not time-barred.  Defendant was subsequently convicted of DWI (first offense) and reckless driving.  He appealed his convictions to the district court.

**{4}**    The district court reversed the metropolitan court's decision and remanded for the charges against Defendant to be dismissed with prejudice.  The district court concluded that DWI (first offense) and reckless driving were petty misdemeanors and subject to a one-year statute of limitations.  The State appeals.

**APPLICABLE STATUTE OF LIMITATIONS**

**{5}**    This Court must determine whether a one, two, or three-year statute of limitations applies to the charges of DWI (first offense) and reckless driving.  NMSA 1978, Section 30-1-8 (2005) (amended 2009) of the Criminal Code provides for the following relevant time limitations for commencing prosecution:

> C.    for a misdemeanor, within two years from the time the crime was committed;
>
> D.    for a petty misdemeanor, within one year from the time the crime was committed;
>
> . . . .
> G.    for any crime not contained in the Criminal Code or where a limitation is not otherwise provided for, within three years from the time the crime was committed[.][1]

---

[1]The Legislature's 2009 amendment to Section 30-1-8 added a provision providing a statute of limitations of five years for identity theft once discovered.  The amendment did not change the substance of Section 30-1-8(G), but the numbering for the statute changed.  The provision is now codified as Section 30-1-8(H).  We refer to the provision herein as Section 30-1-8(G).

2

**{6}** The State contends that the Legislature has designated all violations of the Motor Vehicle Code to be misdemeanors unless otherwise designated as a felony and, thus, a two-year statute of limitations applies. Alternatively, the State argues that because the crimes of DWI and reckless driving are found outside of the Criminal Code, the three-year statute of limitations provided for in Subsection (G) applies. Defendant contends that both DWI (first offense) and reckless driving are petty misdemeanors pursuant to NMSA 1978, Section 30-1-6(C) (1963) and, thus, the limitations period is only one year.

**{7}** The limitations provisions relied on by the parties are statutory in nature. "Statutory interpretation is an issue of law, which we review de novo." *State v. Duhon*, 2005-NMCA-120, ¶ 10, 138 N.M. 466, 122 P.3d 50. "Our primary goal when interpreting statutory language is to give effect to the intent of the [L]egislature." *State v. Torres*, 2006-NMCA-106, ¶ 8, 140 N.M. 230, 141 P.3d 1284. "We do this by giving effect to the plain meaning of the words of [the] statute, unless this leads to an absurd or unreasonable result." *State v. Marshall*, 2004-NMCA-104, ¶ 7, 136 N.M. 240, 96 P.3d 801. We therefore engage in a de novo review of "whether a particular statute of limitations applies." *Jaramillo v. Gonzales*, 2002-NMCA-072, ¶ 8, 132 N.M. 459, 50 P.3d 554.

**{8}** In *Robinson v. Short*, 93 N.M. 610, 603 P.2d 720 (1979), our Supreme Court considered the applicability of the three-year statute of limitations for crimes not contained in the Criminal Code. The Court determined that the crime of falsely obtaining unemployment benefits, contrary to NMSA 1978, Section 51-1-38 (1993), was subject to a one-year statute of limitations, not a three-year statute of limitations, even though it was "uncontroverted that the crimes with which [the defendant was] charged [were] not contained in the Criminal Code." *See Robinson*, 93 N.M. at 611, 603 P.2d at 721. In making this determination, the Court looked to Section 30-1-8(G)[2] and concluded that because the sentence authorized for a violation of Section 51-1-38 was consistent with characterizing the crime as a petty misdemeanor, a limitation was otherwise provided for, thus, making the three-year statute of limitations contained in Section 30-1-8(G) inapplicable. *Robinson*, 93 N.M. at 611, 603 P.3d at 721. The Court determined that, because the crime charged carried "an authorized penalty of imprisonment for not longer than thirty days, or a fine of not over one hundred dollars or both," and Section 51-1-38 did not specifically delineate the degree of crime, the definition for petty misdemeanors provided by Section 30-1-6(C) should control. *Robinson*, 93 N.M. at 611, 603 P.2d at 721; *see* § 30-1-6(C) (providing that "[a] crime is a petty misdemeanor if it is so designated by law or if upon conviction thereof a sentence of imprisonment for six months or less is authorized"). The Court therefore held that the one-year statute of limitations for petty misdemeanors contained in Section 30-1-8(D) should apply. *See Robinson*, 93 N.M. at 611-12, 603 P.2d at 721-22.

---

[2]At the time *Robinson* was decided, the three-year statute of limitations for crimes outside of the Criminal Code was codified as Section 30-1-8(F). We note that the language in Section 30-1-8(G) is the same as when the Court decided *Robinson*. To avoid confusion, we continue to refer to this provision as Section 30-1-8(G) in the text of the opinion.

**{9}** Implicit in our Supreme Court's treatment of Section 30-1-8(G) was its decision to read the provisions conjunctively. Thus, our Supreme Court determined that the fact that "the crimes with which [the defendant was] charged [were] not contained in the Criminal Code" was insufficient to make the three-year statute of limitations apply. *See Robinson*, 93 N.M. at 611, 603 P.2d at 721 ("It is uncontroverted that the crimes with which [the defendant was] charged [were] not contained in the Criminal Code. What we concern ourselves with is whether a limitation is 'otherwise provided for.'"). To the extent the State argues that the three-year statute of limitations applies because the crimes charged are contained in the Motor Vehicle Code and not the Criminal Code, we are bound by our Supreme Court's interpretation of Section 30-1-8(G) in *Robinson*. *See State v. Travarez*, 99 N.M. 309, 311, 657 P.2d 636, 638 (Ct. App. 1983) (stating that the Court of Appeals must follow applicable precedents of the Supreme Court).

**{10}** Furthermore, to the extent the State contends that *Robinson* is no longer good law, we disagree. The State points out that, following the Supreme Court's decision in *Robinson*, the Legislature amended Section 30-1-8 and included a section providing that violations of Section 51-1-38 are subject to a three-year statute of limitations. We agree that this amendment indicated a legislative intent contrary to what our Supreme Court had determined to have been the legislative intent in *Robinson*. *See Robinson*, 93 N.M. at 612, 603 P.2d at 722 ("To interpret the statutes [to apply a three-year statute of limitations] would result in an inconsistency we do not believe the Legislature intended. Crimes with an authorized maximum penalty of less than six months which do not expressly state the degree of the crime would have the same length of limitation as a third or fourth degree felony."). However, although with the amendment the Legislature provided a specific statute of limitation for violations of Section 51-1-38, it chose not to alter the language in Section 30-1-8(G) interpreted by our Supreme Court. As a result, the Legislature's subsequent amendment of Section 30-1-8 did not abrogate our Supreme Court's reading of Section 30-1-8(G) in *Robinson*.

**{11}** Moreover, to interpret Section 30-1-8(G) as the State suggests would result in a three-year statute of limitations for all violations of the Motor Vehicle Code. A three-year statute of limitations would therefore apply not only to DWI (first offense) and reckless driving, but to speeding violations, parking violations, failure to signal, following too closely, and other traffic violations. *See* NMSA 1978, § 66-7-301 (2002); NMSA 1978, § 66-7-352 (1978); NMSA 1978, § 66-7-325 (1978); NMSA 1978, § 66-7-318 (1978). Thus, crimes generally subject to penalty assessments in the Motor Vehicle Code would have a statute of limitations longer than all crimes other than felonies. *See generally* § 30-1-8(C), (D). We do not believe that the Legislature intended such a result. For these reasons, we reject the State's argument that a three-year statute of limitations should apply to all violations of the Motor Vehicle Code.

**{12}** We now turn to the State's argument that a two-year statute of limitations should apply to DWI (first offense) and reckless driving. The State relies on Section 30-1-6, which provides:

4

B.     A crime is a misdemeanor if it is so designated by law or if upon conviction thereof a sentence of imprisonment in excess of six months but less than one year is authorized.

C.     A crime is a petty misdemeanor if it is so designated by law or if upon conviction thereof a sentence of imprisonment for six months or less is authorized.

**{13}**    The State contends that Section 66-8-7(A) designates all violations of the Motor Vehicle Code as misdemeanors "unless the violation is declared a felony." Section 66-8-7(A) provides that "[i]t is a misdemeanor for any person to violate any provision of the Motor Vehicle Code [Section 66-1-1] unless the violation is declared a felony." The State argues that, in selecting between these two means of defining a misdemeanor or petty misdemeanor, the Legislature's designation of violations of the Motor Vehicle Code as misdemeanors takes precedence over the authorized punishment for the violation. The State relies on cases holding that a statute must not be construed to render any part of it surplusage. *See State v. Rivera*, 2004-NMSC-001, ¶ 18, 134 N.M. 768, 82 P.3d 939 ("We are generally unwilling to construe one provision of a statute in a manner that would make other provisions null or superfluous."). We understand the State to argue that, because all criminal violations will have a specific punishment associated with them, if this Court does not give the legislative designation priority, that provision of the statute will be rendered superfluous. The State therefore asserts that the Legislature's classification of all violations of the Motor Vehicle Code as misdemeanors, unless specifically designated as felonies, results in the application of a two-year statute of limitations.

**{14}**    We disagree with the State that, if this Court were to rely on the Legislature's designation of violations of the Motor Vehicle Code as "misdemeanors" in Section 66-8-7(A), our inquiry would be complete. Misdemeanor is defined as "[a] *crime that is less serious than a felony* and is usually punishable by fine, penalty, forfeiture, or confinement . . . in a place other than prison." *Black's Law Dictionary* 1089 (9th ed. 2009) (emphasis added). Based on this definition, a misdemeanor would encompass any crime that was not a felony, including petty misdemeanors. We read the Legislature's use of "misdemeanor" in Section 66-8-7 as merely making this distinction and not as precluding treatment of violations of the Motor Vehicle Code as petty misdemeanors. *Cf. Incorporated Cnty. of Los Alamos v. Johnson*, 108 N.M. 633, 636, 776 P.2d 1252, 1255 (1989) (Baca, J., specially concurring) ("'[M]isdemeanor' . . . includes 'petty misdemeanors' as it historically always has.").

**{15}**    Section 66-8-7(B) provides further support for our interpretation of these provisions:

Unless another penalty is specified in the Motor Vehicle Code, every person convicted of a misdemeanor for violation of any provision of the Motor Vehicle Code shall be punished by a fine of not more than three hundred dollars ($300) or by imprisonment for not more than ninety days or both.

The Legislature has therefore set the penalty for violations of the Motor Vehicle Code to be consistent with the classification of petty misdemeanors found in the Criminal Code. *See*

5

§ 30-1-6(C) ("A crime is a petty misdemeanor if it is so designated by law or if upon conviction thereof a sentence of imprisonment for six months or less is authorized.").

**{16}** To the extent the State argues that there are "persuasive policy considerations based on which the Legislature could rationally treat the particular offenses of DWI and reckless driving as more serious than petty misdemeanors[,]" we agree. However, it does not appear that the Legislature has chosen to do so with respect to DWI (first offense) and reckless driving. Instead, the punishment designated by the Legislature for reckless driving and DWI (first offense) indicates the legislative intent to treat these crimes as petty misdemeanors. *See* § 66-8-113(B); § 66-8-102(E); *cf. Lewis v. United States*, 518 U.S. 322, 326 (1996) (stating that the maximum penalty attached to an offense "is considered the most relevant with which to assess the character of an offense, because it reveals the legislature's judgment about the offense's severity"); *Frank v. United States*, 395 U.S. 147, 148 (1969) ("The most relevant indication of the seriousness of an offense is the severity of the penalty authorized for its commission.").

**{17}** The State also relies on *City of Santa Fe v. Martinez*, 2010-NMSC-033, 148 N.M. 708, 242 P.3d 275. In *Martinez*, our Supreme Court recognized the compelling public interest in eradicating DWI occurrences and the potentially deadly consequences when DWI is committed. *Id.* ¶ 13. The State argues that the same interests support a limitations period longer than that of a petty misdemeanor. The misdemeanor arrest rule has its origins in the common law. *State v. Ochoa*, 2008-NMSC-023, ¶ 11, 143 N.M. 749, 182 P.3d 130. As our Supreme Court explained,

> the original purpose of the [misdemeanor arrest] rule was to minimize the harm historically associated with lengthy custodial detentions for minor crimes. *Ochoa*, 2008-NMSC-023, ¶ 12 [(alteration in original) (internal quotation marks and citation omitted)]. Although the continued viability of the misdemeanor arrest rule has been questioned generally, *see Cave v. Cooley*, 48 N.M. 478, 483-84, 152 P.2d 886, 890 (1944), we conclude that DWI investigations, in particular, fall outside the original purpose of the rule.

**{18}** The case before us, involves a criminal statute of limitations imposed by the Legislature. Criminal statutes of limitation "are to be liberally construed in favor of a defendant because their purpose 'is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the [L]egislature has decided to punish by criminal sanctions.'" *State v. Kerby*, 2007-NMSC-014, ¶ 13, 141 N.M. 413, 156 P.3d 704 (quoting *Toussie v. United States*, 397 U.S. 112, 114 (1970)). Because the purposes of the misdemeanor arrest rule and criminal statutes of limitations are distinct, we decline the State's invitation to use the reasoning in *Martinez* to expand the limitation period set by the Legislature.

**{19}** If the State is correct and the Legislature intended to treat these crimes more seriously by providing for a longer limitations period, the Legislature may explicitly do so by providing a specific limitation period for these crimes in Section 30-1-8 as it did following our Supreme Court's decision in *Robinson*. However, based on the current

6

legislation, we conclude that the Legislature intended for these crimes to be treated as petty misdemeanors. We further conclude that, pursuant to Section 30-1-8(D), a one-year statute of limitations applies.

**CONCLUSION**

**{20}** We affirm the district court and remand to the metropolitan court to dismiss the charges with prejudice.

**{21}** **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**LINDA M. VANZI, Judge**

**Topic Index for _State v. Trevizo_, Docket No. 30,482**

| **AE** | **APPEAL AND ERROR** |
| AE-SR | Standard of Review |
| AE-RM | Remand |
| | |
| **CU** | **COURTS** |
| CU-ME | Metropolitan Court |
| | |
| **CL** | **CRIMINAL LAW** |
| CL-DG | Driving While Intoxicated |
| CL-RD | Reckless Driving |
| | |
| **CA** | **CRIMINAL PROCEDURE** |
| CA-DC | Dismissal of Charges |
| CA-SL | Statute of Limitations |
| | |
| **ST** | **STATUTES** |
| ST-IP | Interpretation |
| ST-LI | Legislative Intent |
| ST-RC | Rules of Construction |