This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                             **No. 35,547**

**JERI STEVENS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Daylene A. Marsh, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

{1}     Defendant has appealed from a conviction for disorderly conduct, challenging her sentence. We previously issued a second notice of proposed summary disposition

in which we proposed to affirm. Defendant has filed a memorandum in opposition. After due consideration, we affirm.

**{2}** Defendant has argued that the portion of her sentence which requires her to participate in a misdemeanor compliance program is invalid. [DS 3; MIO 1-5] She continues to assert that the statute authorizing counties to create misdemeanor compliance programs, NMSA 1978, Section 31-20-5.1(A) (2013), limits participation to "persons who have been convicted of a misdemeanor criminal offense specified in the Criminal Code," and insofar as she was convicted of a petty misdemeanor, her situation does not fall within the ambit of that provision. [MIO 1-5] We remain unpersuaded.

**{3}** As we observed in the notice of proposed summary disposition, the term "misdemeanor" has long been recognized as a general classification, which includes petty misdemeanors as a sub-class. *See Cty of Los Alamos v. Tapia*, 1990-NMSC-038, ¶ 29, 109 N.M. 736, 790 P.2d 1017 (construing the term "misdemeanor" as including "petty misdemeanors"), *overruled on other grounds by City of Santa Fe v. Marquez*, 2012-NMSC 031, 285 P.3d 637; *Inc. Cty. of Los Alamos v. Johnson*, 1989-NMSC-045, ¶ 13, 108 N.M. 633, 776 P.2d 1252 (Baca, J., specially concurring) (tracing the common-law history of criminal offense designations, and ultimately observing that the "generic term 'misdemeanor'" includes petty misdemeanors as a

sub-group); *State v. Trevizo*, 2011-NMCA-069, ¶ 14, 150 N.M. 158, 257 P.3d 978 (observing that a "misdemeanor" as commonly defined "would encompass any crime that was not a felony, including petty misdemeanors"). As such, the reference to "misdemeanor" offenses in Section 31-20-5.1(A) includes petty misdemeanors.

{4} In her memorandum in opposition Defendant contends that *Tapia, Johnson*, and *Trevizo* "do not stand for the general proposition that the Court cites them for." [MIO 2] We disagree.

{5} In *Trevizo* this Court recognized that offenses denominated "misdemeanors" under the Motor Vehicle Code actually be petty misdemeanors, in light of the authorized punishment. 2011-NMCA-069, ¶¶ 14-16. In so holding, the Court did not depart from the general rule by which petty misdemeanors are included as a sub-class of misdemeanors. *Id.* ¶ 14. To the contrary, the Court read the Legislature's use of the term "misdemeanor" as merely making the historically-recognized distinction between felonies and misdemeanors, "and not as precluding treatment of violations of the Motor Vehicle Code as petty misdemeanors," notwithstanding the Legislature's failure to mention petty misdemeanors with specificity. *Id.* Accordingly, the Court concluded that the statutory reference to misdemeanors accommodated petty misdemeanors as well. *Id.* This is in keeping with the previously-articulated general principle.

{6} We acknowledge that in *Tapia* and *Johnson* the Fresh Pursuit Act was specifically at issue, and the Court engaged in policy analysis. [MIO 3-4] However, these circumstances do not diminish the Court's recognition that petty misdemeanors are generally included as a subclass of the term "misdemeanor." *Tapia*, 1990-NMSC-038, ¶ 29; *Johnson*, 1989-NMSC-045, ¶ 13. To the extent that Defendant invites the Court to limit this general principle to the Fresh Pursuit Act, no policy or theory has been advanced in support of the suggested limitation. We therefore decline the invitation.

{7} Finally, we understand Defendant to contend that the Legislature's failure to expressly state that individuals convicted of petty misdemeanors may be required to participate in probation compliance programs should be regarded as a deliberate omission, particularly insofar as the Legislature has demonstrated in other contexts that it is aware of the distinction. [MIO 2, 4-5] Once again, we disagree. "This Court presumes that the Legislature is aware of existing case law and acts with knowledge of it." *State v. Chavez*, 2008-NMSC-001, ¶ 21, 143 N.M. 205, 174 P.3d 988. We therefore presume that the Legislature was aware of the general principle recognized in the foregoing authorities when Section 31-20-5.1 was enacted. *See Johnson*, 1989-NMSC-045, ¶ 4, (presuming that the legislature is well informed as to existing law). As such, specific reference to petty misdemeanors would only have been

4

necessary if the Legislature had intended to *exclude* individuals convicted of petty misdemeanors from participation in compliance programs. The absence of such language reflects the opposite intent.

{8}    In summary, we conclude that participation in misdemeanor compliance programs authorized by Section 31-20-5.1(A) extends to persons who have been convicted of misdemeanors and, as a sub-class, petty misdemeanors as well. Accordingly, the portion of Defendant's sentence which requires her to participate in the county's misdemeanor compliance programs is permissible.

{9}    For the reasons stated above and in the notice of proposed summary disposition, we affirm.

{10}    **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Judge**


**WE CONCUR:**


_____
**TIMOTHY L. GARCIA, Judge**


_____
**J. MILES HANISEE, Judge**