This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

**v.**                                                     **No. 36,007**

**STEPHEN LOUIS VASQUEZ,**

      Defendant-Appellant.

**Correction/Replacement Page(s) to filed Memorandum opinion**

Date Filed: May 29, 2017

    (1)    Filing date changed from May 29, 2017, to May 30, 2017.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

　　Plaintiff-Appellee,

v.　　　　　　　　　　　　　　　　　　　　　　**NO. 36,007**

**STEPHEN LOUIS VASQUEZ**,

　　Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Briana H. Zamora, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}　　Defendant appeals from a district court judgment entered after he pled no contest to twelve felonies, most committed during multiple car-jackings. We issued

a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

{2}     Defendant continues to argue that his sentence violates the prohibition against cruel and unusual punishment. [MIO 2] In this case, Defendant was indicted on thirty felony counts. [RP 1] Defendant entered a plea agreement in which he pled no contest to twelve of these counts. [RP 84] Defendant's plea contained no agreement as to sentence, and the potential incarceration was up to 59½ years. [RP 87] As Defendant acknowledges [MIO 4], under the circumstances, our Supreme Court has determined that a claim of cruel and unusual punishment is not properly presented. *See State v. Chavarria*, 2009-NMSC-020, ¶¶ 9-10, 146 N.M. 251, 208 P.3d 896 (holding that the entry of an unconditional plea of guilty operates as a waiver of the right to raise a cruel and unusual punishment claim on appeal). This Court is bound by this precedent. *See State v. Trevizo*, 2011-NMCA-069, ¶ 9, 150 N.M. 158, 257 P.3d 978 (noting that the Court of Appeals must follow applicable precedents of the Supreme Court).

{3}     For the reasons set forth above, we affirm.

{4}     **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

2

_____

**LINDA M. VANZI, Chief Judge**


_____

**JAMES J. WECHSLER, Judge**