This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **No. A-1-CA-36744**

**JESSE JAMES LESTER III,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Lisa B. Riley, District Judge**

Hector H. Balderas, Attorney General
Anita Carlson, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennet J. Baur, Chief Public Defender
Santa Fe, NM
Brendan D. Hicks, Assistant Public Defender
Carlsbad, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

{1}    Defendant Jesse James Lester III sought interlocutory review of the district court's denial of his motion to dismiss. This Court granted Defendant's application for interlocutory review and entered a notice of proposed summary disposition, proposing to reverse. The State has filed a memorandum in opposition (MIO) to our notice. Having considered the State's MIO and relevant authority, we reverse.

{2}    In his application for interlocutory review, Defendant challenged the denial of his motion to dismiss, which was premised on the failure to meet the applicable time limitations for the offenses set forth in the criminal complaint. Our notice set forth the relevant facts and the law that we believed controlled. In response, the State essentially concedes that we have authority on point supporting reversal in this case. [MIO 4-6] Nonetheless, the State suggests that *State v. Trevizo*, 2011-NMCA-069, 150 N.M. 158, 257 P.3d, should be distinguished [MIO 7] or that this Court should reconsider the case. [MIO 6, 10] For the reasons that follow, we see no material basis to distinguish *Trevizo* and decline to revisit our holding in that case.

{3}    As the State points out, this Court's decision in *Trevizo* was based, in large part, on our Supreme Court's interpretation of NMSA 1978, Section 30-1-8 (2009) in *Robinson v. Short*, 1979-NMSC-099, 93 N.M. 610, 603 P.2d 720. [MIO 4-6] The State asks this Court to reconsider *Trevizo* on the basis that *Robinson* was "repudiated by the legislature's amendment of Section 30-1-8" soon after *Robinson* was decided.

[MIO 6] This Court addressed that argument in *Trevizo*. We pointed out that although the Legislature amended the statute to change the statute of limitations with respect to NMSA 1978, Section 51-1-38 (2013)—the statute at issue in *Robinson*—"it chose not to alter the language in Section 30-1-8(G) interpreted by our Supreme Court." *Trevizo*, 2011-NMCA-069, ¶ 10. Accordingly, we concluded that the amendment did not abrogate our Supreme Court's interpretation of Section 30-1-8(G) in *Robinson*. *Trevizo*, 2011-NMCA-069, ¶ 10. There is nothing in the information before the Court that leads us to conclude that our assessment of *Robinson* was incorrect. Therefore, we decline the State's invitation to revisit our decision in *Trevizo*.

{4}      Further, insofar as the State suggests that *Trevizo* should be distinguished, we are not persuaded. [MIO 7] According to the State, Game and Fish regulations "set out a comprehensive scheme of penalties, including provisions for fines and incarceration that are not consistent with those in the Criminal Code for a misdemeanor and petty misdemeanor." [MIO 7] We disagree. The potential periods of incarceration for violations of Game and Fish regulations are, in fact, consistent with those set forth in the Criminal Code for misdemeanor and petty misdemeanor offenses. *Compare* NMSA 1978, § 17-2-10 (2017), *with* NMSA 1978, § 31-19-1 (1984). The potential fines, however, are more punitive than those set forth in the Criminal Code. *Id.* Nonetheless, we do not believe that this difference is enough to

distinguish this case from *Trevizo* or to conclude that *Robinson* is not controlling authority.

{5}     Lastly, to the extent that the State asserts this case merits a different result because *Trevizo* "did not address the argument that *Robinson*'s analysis impermissibly rendered Section 30-1-8(H) entirely superfluous," [MIO 7] we acknowledge the potential merit of that argument, but our ability to entertain such an argument is limited since we are "bound by Supreme Court precedent." *State v. Wilson*, 1994-NMSC-009, ¶ 6, 116 N.M. 793, 867 P.2d 1175. Accordingly, we are not in a position to question our Supreme Court's interpretation of Section 30-1-8 and suggest that the State seek further review if it believes that *Robinson* should be reconsidered.

{6}     Accordingly, for the reasons set forth in our notice of proposed summary disposition and in this opinion, we reverse the district court's denial of Defendant's motion to dismiss.

{7}     **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**HENRY M. BOHNHOFF, Judge**

4

_____

**EMIL J. KIEHNE, Judge**