[No. 531. August 24, 1893.]

## WILLIAM H. GUYSE, PLAINTIFF IN ERROR, v. TERRITORY OF NEW MEXICO, DEFENDANT IN ERROR.

CRIMINAL LAW—RIGHT OF OFFICERS TO CARRY DEADLY WEAPONS.—Section 10, chapter 30, of the act of 1887, providing that sheriffs, constables, and other officers therein named, and their lawfully appointed deputies, "may carry weapons in the legal discharge of the duties of their respective offices, when the same may be necessary, but it shall be for the court or the jury to decide from the evidence whether such carrying of weapons was necessary or not, and for an improper carrying or using deadly weapons by an officer, he shall be punished as other persons are punished," does not authorize such officers to carry deadly weapons any more than a private citizen, except when done in the proper or necessary discharge of their official duties; and, when any of such officers are arraigned for such offense, it is "for the court or jury to decide whether such carrying of weapons was necessary or not."

ERROR, from a judgment of the Fifth Judicial District Court, Lincoln County, convicting defendant of unlawfully carrying a deadly weapon. Judgment affirmed.

The facts are stated in the opinion of the court.

EDWARD L. BARTLETT, solicitor general, for the territory.

It is "for the court or jury to decide whether such carrying of weapons was necessary or not." Sec. 10, ch. 30, 1887, as amended by Laws of 1891, ch. 63, p, 118, sec. 3.

O'BRIEN, C. J.—This prosecution was commenced in a justice's court of Lincoln county upon a criminal complaint charging that "William H. Guyse did, on the fourteenth day of July, A. D. 1892, carry a deadly weapon to wit: a pistol, concealed about his person, within the settlements of said territory and county; that such carrying of said deadly weapon was not within the residence of the said William H. Guyse, or on his landed estate, or in the lawful defense of his person, family, or property; and that such carrying of said deadly weapon was not done by legal authority,—all of which is contrary to the form of the statute," etc.  Upon a trial had before a justice of the peace of Lincoln county on July 15, 1892, defendant was convicted, and fined $50 and costs of prosecution. An appeal was taken to the district court, where a jury trial was had, resulting in a verdict of guilty.  From the judgment entered upon that verdict the defendant has brought the cause to this court for review.

Defendant was represented by counsel in the district court.  In this court he is not represented, but we learn from the transcript and the brief of the solicitor general that he claims the right to carry deadly weapons because he is a constable and deputy sheriff.  On the trial in the district court it was proved, and admitted by the defendant himself, that he carried a pistol upon his person at the time and place stated in the complaint; but he insists that his conviction was illegal, because he was absolutely entitled to carry it, on account of his official character.  This immunity he claims to find in section 10, chapter 30, of the act of 1887, defining the offense, which reads:  "Sec. 10. Sheriffs and constables of the various counties, and marshals and police of cities and towns, in this territory, and their lawfully appointed deputies, may carry weapons in the legal discharge of the duties of their respective offices, when the same

*RIGHT of officers to carry deadly weapons.*

may be necessary, but it shall be for the court or the jury to decide from the evidence whether such carrying of weapons was necessary or not, and for an improper carrying or using deadly weapons by an officer, he shall be punished as other persons are punished for the violation of the preceding sections of this act.'' This section does not afford complete protection, as it leaves it ''for the court or jury to decide whether such carrying of weapons was necessary or not.'' The jury, on hearing all the facts in the case, decided by their verdict that such carrying was not necessary. The court, upon the motion for a new trial, expressly ratified the legality of the conviction. We should think that such unanimity ought to have satisfied defendant of his error, and relieved him of the necessity of compelling us to affirm the judgment. Under the law, no sheriff, constable, or other peace officer, has any more right to carry weapons than a private citizen, except when the same is done in the proper and necessary discharge of his official duties. It is to be regretted that sheriffs, constables, and similar officers throughout the territory, appear to believe that they are in all cases, and under all circumstances, exempt from the operation of the law prohibiting the carrying of deadly weapons. It is a grave mistake, and is too often attended with dangerous consequences. No other reason than the illegality of the conviction on account of defendant's exemption from the operation of the statute being presented for our consideration, it follows that the judgment below is affirmed.

LEE, SEEDS, and FALL, JJ., concur.