428 P.2d 478

**STATE of New Mexico, Plaintiff-Appellee,**
v.
**Olan BOOHER, Defendant-Appellant.**
**No. 31.**

Court of Appeals of New Mexico.
May 12, 1967.

Albert J. Rivera, Alamogorda, H. Elfred Jones, Carrizozo, for appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

HENSLEY, Jr., Chief Judge.

Two defendants were charged under § 53-2-7, N.M.S.A.1953, with the unlawful possession of elk meat. The Justice of the Peace Court found both defendants guilty. Following appeal and trial in the district court one defendant was found not guilty and the other guilty. From the adverse decision the aggrieved defendant appeals.

The appellant had no permit to possess elk meat. On February 21, 1966, a search warrant was issued authorizing a search of the residence of the appellant. In a refrigerator in the home of the appellant three packages of meat were found. Three hairs were found on the meat. The hairs were examined microscopically by two employees of the Department of Game and Fish and one Wildlife research technician employed by New Mexico State University. Two of the examiners testified that in their opinion the hair was that of an elk. The third refused to make positive identification. The examination was made by comparing the specimen with hair from other animals including elk. Another witness called by the prosecution testified that on the night of January 29, 1966, the two defendants came to her father's house in Capitan and brought a quarter, or part of a quarter, of meat. The witness could not state what kind of meat it was but that the hands of the defendants were covered with blood and one of the defendants in the presence of the other stated that the meat was elk. Further, that the defendants at that time discussed the tracking and killing of the elk. The only witness for the defendants was the appellant. He denied that the meat taken from his refrigerator was elk meat, and stated that it was venison and beef.

For reversal the appellant relies on the insufficiency of the evidence to support the guilty judgment. In State v. Martin, 53 N.M. 413, 209 P.2d 525, the applicable rule was again expressed. The essence of the rule is that a verdict supported by substantial evidence will not be disturbed on appeal, although the reviewing court might have reached a different conclusion had it been the trier of the facts. State v. Alls, 55 N.M. 168, 228 P.2d 952; State v. Reed, 55 N.M. 231, 230 P.2d 966; State ex rel. Bliss v. Greenwood, 63 N.M. 156, 315 P.2d 223. Viewing the evidence in an aspect most favorable to support the judgment we find it to be substantial.

The judgment of conviction is affirmed.

It is so ordered.

OMAN, J., concurs.

WOOD, Judge (specially concurring).

I concur in the result. However, I do not believe that the majority opinion adequately answers defendant's contentions by reviewing the evidence and without explanation, concluding that the evidence is substantial.

In contending that the evidence is not substantial, defendant makes two claims.

First, he attacks the testimony identifying the hair as elk hair. This evidence was admitted after extensive examination by defendant's attorney concerning the handling of the hair after it was confiscated and concerning the basis for identifying the hair as elk. Here, defendant does not claim that the trial court erred in admitting this testimony; he contends the testimony should not have been believed. This is an attack on the weight to be given this evidence. The weight to be given the testimony is for the trier of the facts. Apodaca v. Baca, 73 N.M. 104, 385 P.2d 963 (1963). We do not consider the weight of the evidence on appeal. Sauter v. St. Michael's College, 70 N.M. 380, 374 P.2d 134 (1962).

Second, he contends that apart from the elk hair, there is no evidence that the meat in defendant's home was elk meat, that the presence of elk hair does not prove that the meat was elk meat. An inference is a process of reasoning, whereby, from other facts admitted or established by the evidence, a reasonable conclusion may be drawn that a further fact is established. Posey v. Dove, 57 N.M. 200, 257 P.2d 541 (1953); Gonzales v. Shoprite Foods, Inc., 69 N.M. 95, 364 P.2d 352 (1961). The evidence establishes that defendant had elk meat in his possession on January 29 and had meat in his possession on February 21 which contained elk hair. From this the trier of facts could infer that the meat of February 21 was elk meat.

Tapia v. Panhandle Steel Erectors Co., 78 N.M. 86, 428 P.2d 625, opinion issued May 8, 1967, states:

"Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, * * * and has been defined as evidence of substance which establishes facts from which reasonable inferences may be drawn. * * *"

Reasonable minds might accept the testimony identifying the hair as elk as adequate to support a conclusion that it was elk hair. The evidence establishes facts from which it was reasonable to infer that the meat was elk. Thus, the evidence is substantial.