524 P.2d 519

**In the Matter of the Last WILL and Testament of Ethel M. REINHARD, Deceased.**

**Richard E. RANSOM, Executor, Appellant,**

v.

**LaVerne M. LITTLE, Appellee.**

**No. 9926.**

Supreme Court of New Mexico.

June 21, 1974.

Rehearing Denied July 22, 1974.

Schlenker, Parker, Payne & Wellborn, Charles I. Wellborn, Albuquerque, for appellant.

John P. Dwyer, Virgil L. Brown, Albuquerque, for appellee.

OPINION

McMANUS, Chief Justice.

Appellant is executor of the estate of Ethel M. Reinhard, deceased. On February 28, 1972 appellant filed a petition for admission of the Reinhard will into probate. On December 4, 1972 appellant filed his final account and report, conceding therein that LaVerne M. Little was a joint tenant of a savings account left by the decedent but that the joint tenant should pay the estate a proportionate share of administration expenses. The hearing on the final account and report was held on January 23, 1973.

After this hearing and on February 2, 1973, appellant filed an untimely motion which was never ruled on, asking the court to hold in abeyance its final order since appellant no longer wished to concede that Mrs. Little was a joint tenant. On February 5, 1973 the probate court ruled that Mrs. Little should pay from the joint tenancy property a proportionate share of administration expenses. From this order Mrs. Little appealed to the district court, under the provisions of § 16–4–18 N.M.S.A.1953 (Repl.Vol. 4, 1970), on the issue of allocation of these expenses to her. On November 6, 1973 the district court reversed the probate court's ruling and ordered that Mrs. Little, as joint tenant, be not required to pay said expenses.

On November 21, 1973 appellant filed a motion to set aside the November 6, 1973 order on the grounds that both the district court, on appeal, and the district court, sitting in probate, from whose order the appeal was taken, were without jurisdiction to determine whether the savings account was joint tenancy property. This motion was overruled and appellant now comes before this court on the same grounds.

Appellant's contention is based solely on the holding in In re Conley's Will, 58 N.M.

771, 276 P.2d 906 (1954). There the court held that a probate court and a district court, sitting in probate, are without jurisdiction to determine disputes involving title to real or personal property as between an estate on one hand and one who claims adversely on the other. However, In re Conley's Will, supra, is not in point.

In the case before us, neither of the two courts involved were properly presented with the issue of whether the savings account was a part of the assets of the estate or was the appellee's by virtue of the right of survivorship to a joint tenancy savings account. From the time appellant petitioned for the will's admission until after the hearing on the final account and report, he recognized and accepted appellee as owner of the joint tenancy property. Therefore, the only issue presented to both courts was that of allocation of administration expenses since any possible issue concerning the type of property involved was waived by appellant because of his failure to object to the final account and report.

The judgment below is affirmed. It is so ordered.

STEPHENSON and MARTINEZ, JJ., concur.