The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: <u>August 17, 2023</u>

**No. A-1-CA-39537**

**STATE OF NEW MEXICO,**

　　　Plaintiff-Appellee,

v.

**ADRIAN CALDERON,**

　　　Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Jill M. Martinez, Metropolitan Court Judge**

Raúl Torrez, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**OPINION**

**HENDERSON, Judge.**

{1}     This case requires us to answer whether certain defendants who are prosecuted in metropolitan court have a right to appeal the denial of a motion to dismiss after a mistrial. The Legislature's 2019 amendment to NMSA 1978, Section 34-8A-6 (2019), created a right for defendants aggrieved by judgments rendered by the metropolitan court in specific criminal actions to appeal directly to this Court. Section 34-8A-6(D). As we explain below, that right is confined to appeals from final judgments and not interlocutory orders like a denial of a motion to dismiss. There being no provision in the New Mexico Constitution or statutes permitting such an appeal, we hold that defendants like the one in this case may only appeal from a final judgment entered after retrial. Defendant has not yet been retried and as such there is no final judgment from which to appeal. Therefore, we dismiss Defendant's appeal for lack of jurisdiction.

**BACKGROUND**

{2}     Defendant Adrian Calderon is charged with driving while under the influence and improper use of registration. He was prosecuted in metropolitan court and had a bench trial by video conference that ended prematurely after the court declared a mistrial sua sponte. The mistrial was precipitated by the prosecutor, who, while

trying to authenticate a document showing the results of Defendant's breath alcohol test, revealed the results to the metropolitan court prior to admission into evidence.

{3}     Defendant subsequently filed a motion to dismiss, arguing that his right to be free from double jeopardy under the United States and New Mexico Constitutions would be violated by a second trial. He asserted that there was no manifest necessity for the mistrial, and so retrial would be barred by *State v. Yazzie*, 2010-NMCA-028, ¶¶ 10-13, 147 N.M. 768, 228 P.3d 1188. Defendant additionally argued that retrial was barred by *State v. Breit*, because the mistrial was caused by prosecutorial misconduct. 1996-NMSC-067, ¶ 32, 122 N.M. 655, 930 P.2d 792. After a hearing, the metropolitan court denied Defendant's motion, concluding that manifest necessity required the mistrial and therefore retrial would not violate Defendant's double jeopardy rights. Defendant filed an application for interlocutory appeal based on Rule 12-203 NMRA and *State v. Apodaca*, 1997-NMCA-051, 123 N.M. 372, 940 P.2d 478, and this Court placed his appeal on our general calendar for full briefing.

**DISCUSSION**

{4}     "To invoke the jurisdiction of the Court of Appeals, the right to take an appeal must be granted by the [c]onstitution or by statute." *State v. Armijo*, 2016-NMSC-021, ¶ 24, 375 P.3d 415. In *Apodaca*, this Court held that a defendant has a constitutional right to appeal from a district court order denying a motion to dismiss after a mistrial and permitting retrial. 1997-NMCA-051, ¶¶ 6, 17. That right stems

2

from Article VI, Section 2 of the New Mexico Constitution, which provides that "an aggrieved party shall have an absolute right to one appeal." *See Apodaca*, 1997-NMCA-051, ¶ 13. The defendant in *Apodaca* was such an aggrieved party, and their right to be free from double jeopardy was "of the greatest importance" so as to justify invoking Article VI, Section 2. *Apodaca*, 1997-NMCA-051, ¶ 16.

{5}     While it may appear intuitive to extend *Apodaca*'s holding to this case, as Defendant requests, the underlying basis for *Apodaca*'s holding is limited by our constitution. Article VI, Section 2, the provision providing a constitutional right to one appeal by an aggrieved party, by its own terms only applies to district courts. *See State v. Heinsen*, 2005-NMSC-035, ¶¶ 3, 10, 138 N.M. 441, 121 P.3d 1040 (recognizing that Article VI, Section 2 "specifically applies to appeals from the district court rather than from courts of limited jurisdiction"). And unlike the absolute right to one appeal in Article VI, Section 2, the New Mexico Constitution only provides for the right to appeal final judgments and decisions from the metropolitan court. *See* N.M. Const. art. VI, § 27 ("Appeals shall be allowed in all cases from the final judgments and decisions of the probate courts and other inferior courts as provided by law."); *Armijo*, 2016-NMSC-021, ¶ 15 ("The metropolitan court is still a court of limited jurisdiction inferior to the district courts."). Because there are no constitutional provisions providing defendants in metropolitan court an absolute right to one appeal, *Apodaca*'s holding cannot be extended to this case.

**{6}** Nor has our Legislature enacted a statute providing defendants the right to immediately appeal from metropolitan court orders denying motions to dismiss after mistrial. Section 34-8A-6 governs appeals from metropolitan court. Prior to 2019, the statute provided for appeals only to the district court, and only from final judgments. *See* § 34-8A-6(C) (1993) (permitting appeals from "a judgment rendered by the metropolitan court"); *State v. Lizzol*, 2006-NMCA-130, ¶ 13, 141 N.M. 721, 160 P.3d 902 (clarifying that under the 1993 version of Section 34-8A-6, appeals from the metropolitan court could only be taken from final judgments), *rev'd on other grounds*, 2007-NMSC-024, 141 N.M. 705, 160 P.3d 886. When Section 34-8A-6 was amended, the Legislature changed the route of appeal to this Court in certain cases, but otherwise left unchanged the requirement that such an appeal be from "a *judgment* rendered by the metropolitan court." Section 34-8A-6(D) (emphasis added). Furthermore, unlike NMSA 1978, Section 39-3-3 (1972), which expressly permits appeals from certain interlocutory orders as certified by the district court, Section 34-8A-6(D) contains no similar provision permitting the metropolitan court to certify interlocutory orders. Absent such a mechanism, defendants in metropolitan court may only appeal to this Court from final judgments.

**CONCLUSION**

{7} Given the absence of a constitutional or statutory provision providing Defendant with the right to immediately appeal from a metropolitan court's order denying his motion to dismiss and permitting retrial, we dismiss his appeal.

{8} **IT IS SO ORDERED.**

_____
**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

_____
**KRISTINA BOGARDUS, Judge**

_____
**JACQUELINE R. MEDINA, Judge**

5

**HENDERSON, Judge (specially concurring).**

{9}     I write separately to emphasize my concern that the amendment to Section 34-8A-6 has inadvertently diminished protections against double jeopardy for defendants facing driving while under the influence of intoxicating liquor or drugs and domestic violence charges in metropolitan court. This is because appeals from those cases now come directly to this Court for an on-record review, but as this opinion recognizes, those appeals must be from final judgments. *See* § 34-8A-6(D). That strict requirement, without any exceptions similar to those provided for in criminal appeals from district court, forecloses any adequate remedy parties like Defendant have in the event that the metropolitan court erred by denying their motion to dismiss after a mistrial.

{10}     In *Apodaca*, we recognized the curtailment of the right to be free from double jeopardy unless a defendant could immediately appeal from motions to dismiss after mistrials. Although Article VI, Section 2 guarantees one right to appeal, the provision "must be given a practical construction," and only certain "interests justify invocation of the constitutional right to appeal when final judgment has not yet been entered." *Apodaca*, 1997-NMCA-051, ¶¶ 15-16. "Such interests must be of the greatest importance, given the countervailing powerful interest in avoiding piecemeal appeals." *Id.* ¶ 16. This Court held that a defendant's right to be free from double jeopardy was such an interest, and stated plainly how "a defendant's right

6

not to be subjected to a second trial for the same offence could not be remedied once the second trial has taken place." *See id.*

{11} Indeed, the right to be free from double jeopardy is fundamental to our justice system. *Benton v. Maryland*, 395 U.S. 784, 796 (1969). New Mexico courts have repeatedly recognized that the right to be free from double jeopardy protects defendants from facing multiple trials that would permit the state to artificially increase the chance of conviction; it protects people from being unduly subjected to the expense, embarrassment, anxiety, and insecurity caused by multiple trials; and it protects the accused's interest in finality of the criminal charges against them. *State v. Mares*, 1979-NMCA-049, ¶ 18, 92 N.M. 687, 594 P.2d 347; *State v. Lujan*, 1985-NMCA-111, ¶ 20, 103 N.M. 667, 712 P.2d 13; *State v. Davis*, 1998-NMCA-148, ¶ 16, 126 N.M. 297, 968 P.2d 808. But those protections are "lost if the accused were forced to 'run the gauntlet' a second time before an appeal could be taken," because "even if the accused is acquitted, or, if convicted, has [their] conviction ultimately reversed on double jeopardy grounds, [they have] still been forced to endure a trial that the Double Jeopardy Clause was designed to prohibit." *Abney v. United States*, 431 U.S. 651, 662 (1977).

{12} Although the law compels our dismissal of Defendant's appeal and requires us to reject his invitation to extend *Apodaca* for the reasons stated in this opinion, much of the analysis in *Apodaca* and other cases addressing double jeopardy apply

to Defendant's case in full force. Defendant could undoubtedly appeal to this Court after he is subjected to another trial and receives a final judgment. *See* § 34-8A-6(D). This is, as has been recognized, unsatisfactory. Defendant will be forced to run through the gauntlet again, bearing entirely the attendant expense, embarrassment, anxiety, and insecurity inherent in all criminal trials. Even if his second trial ends prematurely, the metropolitan court could permit retrial *again* before Defendant ever makes it to this Court. And in the event of a conviction, Defendant may face significant jail time due to a trial that may be constitutionally impermissible.

{13}     However, the fact remains that appellate review is not an inherent right. It is one created—and limited—by our constitution and statutes. *Armijo*, 2016-NMSC-021, ¶ 24; *see also State v. Smallwood*, 2007-NMSC-005, ¶ 6, 141 N.M. 178, 152 P.3d 821 (recognizing that our Supreme Court cannot create appellate jurisdiction through its rule making authority). Because nothing in our constitution or statutes provides Defendant the right to appeal from the metropolitan court's order denying his motion to dismiss, the law as it currently stands does not permit him to invoke our jurisdiction at this time.

 

                                                          _____

**SHAMMARA H. HENDERSON, Judge**